UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARMEL M LUMEMBO,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　　　Respondent. | Case No. C19-1846-JCC-MAT<br><br>REPORT AND RECOMMENDATION |

Petitioner, a state prisoner who is currently confined at Coyote Ridge Corrections Center in Connell, Washington, seeks relief under 28 U.S.C. § 2254 from a 2019 King County Superior Court judgment and sentence. (Dkt. 6-3 at 1.) Having screened petitioner's habeas petition, it is clear he has not exhausted his state court remedies, and therefore the Court recommends that this action be dismissed without prejudice.

Before seeking federal habeas relief, a state prisoner must exhaust the remedies available in the state courts. The exhaustion requirement reflects a policy of federal-state comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation and citation marks omitted). A petitioner may properly exhaust his state remedies by "fairly

REPORT AND RECOMMENDATION - 1

presenting" his claim in each appropriate state court, including the state supreme court with powers of discretionary review, thereby giving those courts the opportunity to act on his claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). "It has to be clear from the petition filed at each level in the state court system that the petitioner is claiming the violation of the federal constitution that the petitioner subsequently claims in the federal habeas petition." *Galvan v. Alaska Dep't of Corrections*, 397 F.3d 1198, 1204 (9th Cir. 2005).

Petitioner has not properly exhausted his federal habeas claims because his direct appeal is pending in the Washington Court of Appeals and he has not sought review by the Washington Supreme Court. (*See* Dkt. 6-3 at 2.) Although petitioner contends the state courts do not have jurisdiction to consider his federal constitutional claims, he is incorrect. State courts regularly consider federal claims. In fact, petitioner *must* present his federal habeas claims to the state courts before he can bring them in a federal habeas petition.

Accordingly, the Court recommends that this action be DISMISSED without prejudice for failure to exhaust. The Court further recommends that a certificate of appealability be DENIED as to all claims raised in the habeas petition. *See* 28 U.S.C. § 2253(c)(3). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 10, 2020**.

Dated this 19th day of December, 2019.

_____
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3